**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

DAILY MARTINEZ, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AGI GROUND, INC.,

Defendant.

Case No.

**CLASS ACTION**

**(JURY TRIAL DEMANDED)**

Plaintiff Daily Martinez ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her counsel, brings this Class Action Complaint against Defendant AGI Ground, Inc. ("AGI" or "Defendant"), and alleges upon personal knowledge individually, and upon information and belief as to all other matters:

## INTRODUCTION

1. AGI is a company headquartered in Miami that provides ground, cargo, mail, and security services.[1]

2. AGI stations its employees to work at airports.[2] AGI employees work a wide range of airport jobs, such as check-in and ticket counter services, airport loading and unloading, baggage processing and handling.[3] AGI employees handle these services for airlines.[4]

3. Plaintiff and Class Members are AGI employees who worked at Spirit Airlines.

[1] *About*, AGI https://agi.aero/about/ (last visited May 29, 2027).
[2] *Ground* AGI https://agi.aero/services/#ground (last visited May 29, 2027).,
[3] *Id.*
[4] *Id.*

4. On May 2, 2026, Spirit Airlines announced that it would cease operations immediately.[5]

5. Following Spirit Airlines' announcement, AGI, without warning to its employees who worked at Spirit Airlines, terminated their employment.

6. Plaintiff brings this action individually and on behalf of the proposed Nationwide Class defined herein for Defendant's violation of the WARN Act, 29 U.S.C. §§ 2101 *et seq*.

## PARTIES

### Plaintiff

7. Daily Martinez is a resident of Kissimmee, Florida. In August of 2022, she started working as an employee of Airport Terminal Services, Inc. as a gate agent at Spirit Airlines, Around November 17, 2025, she started working for AGI and maintained her position as a gate agent servicing Spirit Airlines.

8. Without warning, on May 2, 2026, Ms. Martinez received an email from AGI, notifying her that she was terminated from her position. Prior to her termination, she did not receive a notice from AGI or Spirit that she would be terminated. AGI conveyed to Ms. Martinez that the reason she was terminated was due to Spirit's filing of bankruptcy, but did not convey to Ms. Martinez why she was not provided additional notice prior to her termination.

### Defendant

9. Defendant AGI Ground, Inc. is a company that provides airport services crucial to airline operations, including ground, cargo, mail, and security services. AGI's employees are installed at airports nationwide to operate airports. AGI's headquarters are located at 9130 S. Dadeland Blvd., Suite 1801, Miami, FL 33156.

---

[5] Joel Rose, *Spirit Airlines ceases operations after escalating financial struggles*, NPR (May 2, 2026) <https://www.npr.org/2026/05/02/nx-s1-5807933/spirit-airlines-ceases-operations-folds>

## JURISDICTION AND VENUE

10. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter in controversy involves a question of federal law, as the claims of Plaintiff and the putative class arise under alleged violations of 29 U.S.C. §§ 2101 *et seq.*

11. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391 because Defendant regularly transacts business in this District, has its corporate headquarters located in this District, is subject to personal jurisdiction in this District, and is deemed to be a citizen of this District. Additionally, AGI has received substantial revenue and profits from selling services in this District; therefore, a substantial part of the events and/or omissions giving rise to the claims occurred, in part, within this District.

12. The Court has personal jurisdiction over Defendant because Defendant is headquartered in this District; maintains its principal office in Miami, Florida; regularly conducts and transacts business in this District; and directed the conduct alleged herein from this District.

## FACTUAL ALLEGATIONS

13. AGI operates at airports nationwide,[6] providing a variety of services for airlines, including aircraft loading and unloading, cabin cleaning, check in and ticket counter services, and other services crucial to running an airline.[7]

14. For more than thirty years, AGI provided services to Spirit Airlines. Its employees operated Spirit Airlines' ground services at major airports.

15. This partnership terminated following the bankruptcy of Spirit Airlines on May 2, 2026. That same day, AGI terminated the employment of all its employees operating Spirit Airlines.

---

[6] *Stations*, AGI, https://agi.aero/stations/ (last visited June 1, 2026).
[7] *Services*, AGI, https://agi.aero/services/ (last visited June 1, 2026).

16. AGI employees operating Spirit Airlines were not provided a notification or warning regarding their terminations prior to May 2, 2026. That is, AGI did not provide its employees with the 60-day notification required by the WARN Act.[8]

17. The airline industry knew that there existed a risk that Spirit Airlines would cease operations. Leading up to May 2, 2026, Spirit Airlines had filed for bankruptcy twice in the past two years. Spirit Airlines filed for bankruptcy in November 2024.[9] It again filed for bankruptcy in August 2025.[10]

18. Given Spirit Airlines' financial state and AGI Ground's close and decades-long partnership with Spirit Airlines, AGI Ground knew or should have known that Spirit's financial problems could result in cessation of its business operations. Prior to May 2, 2026, AGI Ground knew or should have known that Spirit's financial state and its attendant risks could jeopardize the jobs of its employees.

19. On information and belief, AGI employs 100 or more employees.

20. On information and belief, AGI's layoff decisions terminated at least 33 percent of its employees at airport sites, with at least 50 employees being terminated. On information and belief, AGI reduced its force by at least 500 employees.

21. When AGI laid off its employees, AGI did not explain to Plaintiff and Class Members the reason that AGI was not providing them a 60-day notice period before implementing a reduction in force.

[8] 29 U.S.C.A. § 2102.

[9] Shivansh Tiwary and Rajesh Kumar Singh, *US no-frills pioneer Spirit Airlines files for bankruptcy protection*, Reuters (November 18, 2024), < https://www.reuters.com/business/aerospace-defense/spirit-airlines-files-bankruptcy-2024-11-18/>

[10] Aamer Madhani, *et al.*, *Spirit Airlines shuts down as company says it can't keep up with higher oil prices*, Associated Press (May 2, 2026) <https://apnews.com/article/spirit-airlines-trump-bailout-bankruptcy-37a4818e1b71c0905d022f669d85948c>

22. AGI's failure to provide Plaintiff and Class Members the required notice before terminating them harmed Plaintiff and Class Members.

23. Plaintiff and Class Members seek back pay and benefits, including lost wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions, ERISA benefits, medical coverage, and any other compensation and benefits to which they are entitled under the WARN Act.

## CLASS ACTION ALLEGATIONS

24. Pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff seek certification of a nationwide class as defined below:

> **Nationwide Class**
>
> All persons residing in the United States who were employed by AGI and were terminated on or around May 2, 2026 without being provided WARN Act notice.

25. In addition, or in the alternative to the nationwide class, Plaintiff seek to represent each of the following statewide class:

> **Florida Subclass**
> All persons residing in Florida who were employed by AGI and were terminated on or around May 2, 2026 without being provided WARN Act notice.

26. The Nationwide Class and Florida Subclass are collectively referred to as the "Class." Excluded from the Class are Defendant, Defendant's affiliates, officers and directors, and the Judge(s) assigned to this case. Plaintiff reserves the right to modify, change, or expand the class definitions if discovery and/or further investigation reveal that they should be expanded or otherwise modified.

27. **Numerosity**: The Class is so numerous that joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown at this

time, such information being in the sole possession of AGI and obtainable by Plaintiff only through the discovery process, Plaintiff believes, and on that basis alleges, that many thousands of employees were terminated by AGI.

28. **Existence/Predominance of Common Questions of Fact and Law**: Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting individual Class Members. These common legal and factual questions include, but are not limited to:

a. whether AGI engaged in the conduct alleged herein;

b. whether AGI employed Plaintiff and Class Members;

c. whether AGI terminated Plaintiff and Class Members on or around May 2, 2026;

d. whether AGI provided notice to Plaintiff and Class Members prior to their termination;

e. whether AGI provided reasoning to Plaintiff and Class Members regarding their termination

f. whether AGI was required to provide notice to Plaintiff and Class Members under the WARN Act; and

g. whether Plaintiff and Class Members are entitled to damages as a result of AGI's conduct alleged herein, and if so, the amount or proper measure of those damages

29. **Typicality**: Plaintiff's claims are typical of the claims of the Class since the Plaintiff was laid off by AGI on or around May 2, 2026, as did each Class Member. Plaintiff and Class Members were injured in the same manner by AGI's uniform course of conduct alleged herein. Plaintiff and all Class Members have the same claims against AGI relating to the uniform conduct alleged herein, and the same events giving rise to Plaintiff's claims for relief are identical to those giving rise to the claims of all Class Members. Plaintiff and all Class Members sustained injuries including, but not limited to, ascertainable losses arising out of AGI's wrongful conduct

in laying off its employees without providing them the requisite 60-day notice. Plaintiff is advancing the same claims and legal theories on behalf of themselves and all absent Class Members.

30. **Adequacy**: Plaintiff is an adequate representative for the Class because her interests do not conflict with the interests of the Class that she seeks to represent. Plaintiff has retained counsel competent and highly experienced in complex class action litigation—including consumer class action cases—and counsel intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and experienced counsel.

31. **Superiority**: A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiff and Class Members. The injury suffered by each individual Class Member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by AGI's conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them by AGI. Even if Class Members could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court. Upon information and belief, Members of the Class can be readily identified and notified based upon, inter alia, the records (including receipts, communications, and internal databases) that AGI maintains regarding its customers and the sales of its services.

32. AGI has acted on grounds generally applicable to the Class, thereby making appropriate final equitable relief with respect to the Class as a whole.

## CLAIMS FOR RELIEF

## COUNT I

**WARN Act Violation, 29 U.S.C. §§ 2101 *et seq.***
**(On behalf of Plaintiff and the Nationwide Class or, alternatively, the Florida Subclass)**

33. Plaintiff incorporates the allegations in paragraphs 1-32 herein.

34. Plaintiff brings this action pursuant to 29 U.S.C. § 2104(a).

35. The WARN Act requires employers that order a mass layoff to provide 60-day notice to employees prior to effectuating the layoff.

36. AGI is an "employer" within the meaning of the statute.

37. On May 2, 2026, AGI effectuated a mass layoff without providing the requisite 60-day notice to employees. AGI did not provide to laid-off employees any reason that AGI did not have to abide by the 60-day notice.

38. Plaintiff and Class Members are aggrieved employees who worked for AGI prior to their layoff on or around May 2, 2026. Plaintiff and Class Members are employees who were entitled notice under the WARN Act.

39. Plaintiff and Class Members are entitled to back pay from AGI's violations of the WARN Act. Plaintiff and Class Members are entitled to benefits from AGI's violations of the WARN Act, including the cost of incurred medical expenses that would have been covered by AGI under its employee benefit plan.

40. Plaintiff and Class Members seek back pay and benefits, as well as all other relief to which they are entitled under 29 U.S.C. § 2104.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, hereby requests that this Court enter an Order against AGI providing the following:

A. Certification of the proposed Class(es), appointment of Plaintiff and Plaintiff' counsel to represent the proposed Class, and notice to the proposed Class to be paid by AGI;

B. A declaration that AGI violated the WARN Act by failing to provide Plaintiff and Class Members a 60-day notice prior to their terminations on or around May 2, 2026.

C. An award of damages to Plaintiff and Class Members equal to the back pay and benefits that AGI should pay Plaintiff and Class Members under the WARN Act

D. An Order requiring AGI to pay both pre- and post-judgment interest on any amounts awarded;

E. An award of costs and attorneys' fees; and

F. Such other or further relief as may be appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims so triable.

Dated: June 2, 2026

*/s/ Amy L. Judkins*
Amy L. Judkins, Esq.
Florida Bar No.: 125046
**Normand, Judkins & Couch, PLLC**
3165 McCrory Place, Suite 175
Orlando, FL 32803
Telephone: 407-603-6031
Email: a.judkins@njc.law

Tina Wolfson (*pro hac vice* forthcoming)
*twolfson@ahdootwolfson.com*

**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue Suite 500
Burbank, California 95105
Tel: (310) 474-9111
Fax: (310) 474-8585

***Counsel for Plaintiff and the Proposed Class***